# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

HEMOSTEMIX INC.,

    Plaintiff,

v.   Case No. 6:21-cv-2036-WWB-EJK

KYLE MAKOFKA ET AL.,

    Defendants.

_____/

## DEFENDANTS' AMENDED GOOD-FAITH CERTIFICATE REGARDING MOTIONS TO DISMISS (Doc. 23, 26, 27, 28)

Pursuant to Local Rule 3.01(g), counsel for Defendants Kyle Makofka, Reginald Cooper, Kingsman Scientific Management Inc., and Aspire Health Science, LLC (collectively, "**Defendants**") hereby certifies as follows:

1. Through oversight, applying last year's local rule (which did not require conferral on Rule 12 motions), the undersigned did not attempt to confer on the Motions to Dismiss (Docs. 23, 26, 27, 28) until several hours after they were filed.

2. At 11:47 p.m. on the night of the filings (January 31, 2022), Defendants' counsel sent Plaintiff's counsel an email asking for Plaintiff's position in an effort to resolve the issues raised in Defendants' Motions to Dismiss. Plaintiff's counsel did not respond to this email.

3. On February 2, 2022, Defendants' counsel sent Plaintiff's counsel a follow-up email asking for a response to Defendants' counsel's email dated January

31, 2022. Plaintiff's counsel did not respond to this email.

4. Later in the morning of February 2, 2022, after Defendants' counsel still had not received a response from Plaintiff's counsel, Defendants filed their good-faith certificate. (Doc. 31). The certificate explained that Defendants' counsel attempted to confer with Plaintiff's counsel regarding the Motions to Dismiss, but Plaintiff's counsel had not yet responded, so Defendants' counsel would continue attempting to confer with Plaintiff's counsel and update the certificate after receiving Plaintiff's response. (*See id.*).

5. Approximately ten minutes after Defendants filed the good-faith certificate, Plaintiff's counsel emailed Defendants' counsel, stating his belief that the certificate was inaccurate.

6. Plaintiff's counsel initially would not provide his position on the Motions to Dismiss, claiming that the certification was invalid, and in his view, inaccurate, as implying the conferral occurred *prior* to filing. The certification, however, does not state Defendants conferred with Plaintiff *prior* to filing the Motions to Dismiss.

7. By email and further by phone on February 2 and 3, the undersigned attempted again to confer on the Motions to Dismiss.

8. In response, Plaintiff's counsel again would not provide his position on the Motions to Dismiss because he claimed the certification was inaccurate, and therefore, it must be withdrawn.

2

9. On a phone call initiated by Defendants on February 3, the undersigned urged Plaintiff's counsel to cooperate in an effort to address, and hopefully, cure, his objections to the certification.

10. On the phone call, Plaintiff's counsel committed to provide his position on the Motions to Dismiss no later than Monday, February 7. In exchange, the undersigned stated that Defendants would file a supplemental good-faith certificate that listed out the order of the foregoing events to address Plaintiff's concern that the certificate did not do so. Further on the call, Plaintiff's counsel continued to demand that the certificate be withdrawn entirely, rather than amended.

11. Accordingly, on February 7, the undersigned followed up via email to ask again for Plaintiff's position on the Motions to Dismiss.

12. On February 8, Plaintiff's counsel would not provide his position on the Motions to Dismiss, claiming again that the certification was invalid, and therefore, the it must be withdrawn.

13. As of the date of this filing—more than a week after the filing of the Motions to Dismiss—Plaintiff still has not provided Defendants with its position as to whether Plaintiff opposes the relief requested in the Motions to Dismiss.

3

14. Based on the above events, the undersigned believes in good faith that Plaintiff does not intend to consent to the relief requested in the Motions to Dismiss.

Dated: February 8, 2022         HOLLAND & KNIGHT LLP

/s/*Jason H. Baruch*
Jason Baruch
Florida Bar No. 10280
jason.baruch@hklaw.com
Brandon Faulkner
Florida Bar No. 58560
brandon.faulkner@hklaw.com
Daniel L. Buchholz
Florida Bar No. 1010188
daniel.buchholz@hklaw.com
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, FL  33602

*Attorneys for Defendants Kyle Makofka, Reginald Cooper, Kingsman Scientific Management Inc., and Aspire Health Science, LLC*

4